UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RHENETTA O. BELCHER, | |
| Plaintiff, | Case No. 2:12-cv-02008-LRH-GWF |
| vs. | **ORDER** |
| GM FINANCIAL, | Application to Proceed in Forma Pauperis (#1) |
| Defendant. | |

This matter comes before the Court on Plaintiff Rhenetta Belcher's ("Plaintiff") Application to proceed in forma pauperis (#1), filed on November 20, 2012.

## BACKGROUND

Plaintiff brings this action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff claims that Defendant, in the collection of debt, arrived at Plaintiff's home between February and March of 2012 and "[h]arrassed Plaintiff's daughter," exclaiming that Defendant "will break in and take the vehicle out of the garage."

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff''s financial affidavit under 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under Section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  For the purposes of this screening, all of Plaintiff's factual allegations are taken as true.

        The FDCPA provides that a debt collector may not communicate, "in connection with the collection of any debt," with any person other than "the consumer, his attorney, a consumer reporting agency[,] the creditor, the attorney of the creditor, or the attorney of the debt collector" without "the prior consent of the consumer given directly to the debt collector[.]" 15 U.S.C. § 1692C(b).  The FDCPA also proscribes "[t]he use or threat of use of violence or other criminal means to harm the [...] property of any person."  15 U.S.C. § 1692D(1).  Plaintiff's allegations, taken as true, establish that Defendant, in the collection of debt, communicated with Plaintiff's daughter without Plaintiff's prior consent and threatened the destruction of Plaintiff's property.  Plaintiff therefore pleads sufficient facts to state a claim upon which relief may be granted.  Accordingly,

        **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pay the $350.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff my proceed on her claims under sections 1692C and 1692D of the Fair Debt Collections Practices Act.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the defendants named in the complaint, and deliver the summons to the U.S. Marshal for service.  The Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying which defendants were served and which were not served, if any.  If the Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address, and indicating whether some other manner of service should be used.  Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the

...

...

...

...

...

1 | Defendant or their counsel.  The court may disregard any paper received by a district judge,
2 | magistrate judge, or the Clerk which fails to include a certificate of service.
3 |       DATED this 19th day of December, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge